**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Alyssa Pearson,

       **Plaintiff,**

v.                                                    **Civ. No. 1:25-cv-570**

New Mexico State University,
Board of Regents of New Mexico State (in their official capacity),
Dan E. Arvizu, Jay Gogue, Monica E. Torres, President and/or Chancellor of New Mexico
State University
(in his official capacity),
New Mexico Department of Agriculture,
Jason New (Individually and in his official capacity),
Felicia Chacon Frost (Individually and in her official capacity),
Cheryl Mason (Individually and in her official capacity),
Anthony Para (Individually and in his official capacity),
Mari Longpre (Individually and in her official capacity),
Aisha Gutierrez (Individually and in her official capacity),
William Nutt (Individually and in his official capacity),
Desiree Stephens (Individually and in her official capacity),

       **Defendants.**

**PLAINTIFF'S UNOPPOSED MOTION FOR REMAND**

COMES NOW, Plaintiff, by and through her attorney, Law Office of Ryan D. Baughman,

LLC  and moves the Court for an Order remanding this matter to state court.  This Motion is

Unopposed.

**INTRODUCTION**

Plaintiff originally filed this action in New Mexico State Court. Plaintiff alleged violations

under the New Mexico Human Rights Act, NMSA 1978, § 28-1-7 (2024), along with violations

under The Americans with Disabilities Act of 1990 42 U.S.C. § 12101 et seq., and The Civil Rights

Act of 1964 42 U.S.C. § 2000 et. seq. as amended.  Due to claims under federal law, the case was

1

removed to federal court. The parties have since amended the complaint, simultaneously filed in this cause of action, and this Court no longer has jurisdiction over the matters.

## FACTS

1. On April 15, 2025, Plaintiff filed a Complaint in the Second Judicial District Court against the above captioned defendants.

2. On June 18, 2025, Defendants filed their Notice of Removal to the United States District Court, District of New Mexico. [Doc. 1].

3. Upon review of the Complaint, allegations of federal law are apparent.   [Doc 1 at Ex. 1].

4. Counsel for Plaintiff has amended the Complaint, specifically, removing any reference to federal claims. Plaintiff has attached filed a copy of the Amended Complaint simultaneously with this Motion.

5. Being that there is no federal question or diversity with the Amended Complaint, it would best be served to remand this matter back to state court, which would allow Plaintiff to amend the Complaint in the proper venue.

6. Plaintiff has sought Defendants' consent to remand the Amended Complaint, filed concurrently, and it was agreed to.

## LAW

**I.    The removing party bears the burden to establish the statutory requirements of 28 U.S.C. § 1446.**

A defendant may remove a civil action from state court to federal court provided the matter satisfies diversity requirements and is done so within 30 days. 28 U.S.C. § 1446(b).  "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) *abrogated on other grounds by Dart Cherokee*, 574 U.S. at 81, 135 S.Ct. 547; *see also Buscema v. Wal-Mart Stores E. LP*, 485 F.Supp.3d 1319 (D. N.M. 2020). Because federal courts

2

are courts of limited jurisdiction, the removal statutes are narrowly construed, and all doubts concerning federal jurisdiction are resolved against removal. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The removing party bears the burden of establishing the requirements for federal jurisdiction." *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1198 (D.N.M. 2012) (internal citations omitted).

To remove a case, a defendant must file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C. § 1446(a). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d at 333.

## II.    Remand of this matter is proper under 28 U.S.C. § 1447(c).

"A motion to remand the case on the basis of any defect other that lack of subject matter jurisdiction must be made within 30 days after filing the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The issues in the Complaint, have been remedied in the Amended Complaint. Counsel believes that the most efficient way to resolve the lack of the Court's jurisdiction would be to remand this matter so Plaintiff may file the Amended Complaint in the proper venue.

For the reasons stated herein, Plaintiff respectfully requests that the Court grant her Motion to Remand, and for such other relief to which the Court finds she is so entitled. No Parties oppose the relief requested.

3

Respectfully Submitted,

**LAW OFFICE OF
RYAN D. BAUGHMAN, LLC**

By:     */s/ Ryan D. Baughman*
        Ryan D. Baughman
        *Attorney for Plaintiff*
        814 Marquette Ave
        Albuquerque, NM 87102
        Tel: (505) 675-0732
        Ryan@NMLawOffice.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July 2025, I filed the foregoing electronically through CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.


By:     */s/ Ryan D. Baughman*
        Ryan D. Baughman

4